

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| TONY MACK, | § |
| | § |
| Plaintiff, | § |
| | § |
| vs. | § CIVIL ACTION NO. 4:05-3341-HFF-TER |
| | § |
| OFFICER NFN DINKINS, *et al.*, | § |
| | § |
| Defendants. | § |

### ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE AND DISMISSING CASE

This is a civil rights action filed pursuant to 28 U.S.C. § 1983. Plaintiff is proceeding *pro se*. The matter is before the Court for review of the report and recommendation (Report) of the United States Magistrate Judge in which he recommends that the Court dismiss the case for failure to state a claim. The Report is made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Matthews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a *de novo* determination of those portions of the report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or may recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed his Report on December 22, 2005, and Plaintiff filed objections on January 3, 2006.  Plaintiff's objections reiterate the allegations of Plaintiff's original complaint, but they fail to address any of the legal reasoning of the Report.  Specifically, Plaintiff reasserts his claim that certain prison officials defamed him by telling others that he has AIDS.  As noted in the Report, this claim simply is not actionable under § 1983.

Specific objections are necessary to focus the Court's attention on disputed issues.  *See Thomas v. Arn*, 474 U.S. 140, 147-48 (1985).  Because general objections to a Magistrate Judge's report do not direct the Court's attention to any specific portion of the report, they are tantamount to a failure to object.  *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *see also Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (failure to file specific objections to particular conclusions in magistrate judge's report, after warning of consequences of failure to object, waives further review).  In this case, the Plaintiff's objections are general in that they merely restate allegations already made in the complaint.  Further, the objections fail to overcome the legal requirement that plaintiffs must state claims which are actionable under § 1983.  Therefore, the Court agrees with the Magistrate Judge's conclusion.

Accordingly, the Court adopts the Report and incorporates it herein.  Therefore, it is the judgment of this Court that this case be **DISMISSED** *without prejudice* and without issuance and service of process.

**IT IS SO ORDERED**.

Signed this 12th day of January, 2006, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified that he has the right to appeal this Order within **thirty (30)** days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.